IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH LEON McCLINTOCK JR.,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF HAWAIʻI,<br><br>Respondent. | CIV. NO. 21-00350 JAO-RT<br><br><br>**ORDER (1) DISMISSING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY; AND (2) DENYING CERTIFICATE OF APPEALABILITY** |

**ORDER (1) DISMISSING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY; AND (2) DENYING CERTIFICATE OF APPEALABILITY**

Before the Court is Kenneth Leon McClintock, Jr.'s ("Petitioner") "Writ of Habeas Corpus," which the Court construes as a Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody ("Petition"). ECF No. 1. Petitioner appears to challenge his Order of Conditional Release, entered in conjunction with his Judgment of Acquittal, in *State v. McClintock*, Cr. No. 1PC131000590. ECF No. 1 at 1.

1

For the following reasons, the Petition is DISMISSED WITHOUT

PREJUDICE.  Any request for a Certificate of Appealability is DENIED.

## I.      Background

On December 23, 2014, Petitioner was acquitted by reason of insanity of

burglary (Hawaiʻi Revised Statutes ("HRS") § 708-811) and criminal property

damage (HRS § 708-823).  ECF No. 10-1 at 3.  The state court entered a Judgment

of Acquittal and ordered conditional release.  *Id.* at 20.

The state court conditionally released Petitioner pursuant to Hawaiʻi Revised

Statutes Chapter 704.  *See* ECF No. 1 at 1; ECF No. 10 at 2–3 n.1 (quoting HRS §

704-413).  Chapter 704 addresses penal responsibility and fitness to proceed.  *See*

HRS § 704-400 et seq.  The statutory scheme allows judges to grant conditional

release when a defendant is acquitted because "of physical or mental disease,

disorder, or defect excluding responsibility" and can be "controlled adequately and

given proper care, supervision, and treatment" if released on condition.  HRS §

704-411(1)(b).  A person granted conditional release will receive mental health or

other treatment.  HRS § 704-413(1).  If the mental health professional believes that

the person is not following all prescribed treatments or believes that hospitalization

is appropriate, the professional can refer the matter to the probation officer.  *Id.*

In the instant Petition, Petitioner recounts his understanding of his state court

proceedings.  He claims that his public defender perjured himself by stating that

Petitioner has a history of mental health diagnoses and treatment. *See* ECF No. 1 at 2–3. Petitioner asserts that this was a lie because a different judge in a different earlier proceeding had found him fit to proceed. *Id.* at 3. The trial judge and prosecuting attorney "suborned the fraud and perjury" by approving for filing or stamping the motion for evaluation that contained the public defender's statement. *Id.* at 2. Petitioner also alleges that his trial judge "unlawfully transferred" him to a different trial judge who entered the order of acquittal and conditional release. *Id.* at 3–4. From January 2017 to December 2019 at least three different attorneys withdrew from Petitioner's case because of Office of Disciplinary Council complaints. *Id.* at 5.

In February 2019, the state court ordered Petitioner temporarily hospitalized. *See* ECF No. 10-1 at 50–51. While committed in the state hospital, Petitioner filed a similar habeas petition in this district. *See McClintock v. State of Hawaii*, Civ. No. 1:19-cv-00149-JMS-RT. Chief Judge Seabright dismissed the petition without prejudice because Petitioner failed to exhaust his claims. *Id.*, ECF No. 11.

Petitioner now alleges that in the two years since Judge Seabright dismissed the previous petition, he is still unable to obtain what he refers to as a "contested hearing"[1] to challenge his conditional release or his temporary hospitalization.

---

[1] While it is unclear exactly what Petitioner means by "contested hearing," the Court will construe the term as a hearing on an application for discharge from conditional release. *See* HRS § 704-413(3).

ECF No. 1 at 2.  In July 2021, the state court judge allegedly declined to give

Petitioner a contested hearing and Petitioner's attorney refused to file a motion for

a contested hearing as frivolous.  *Id.* at 6.  Petitioner has filed a complaint against

his attorney with the Office of Disciplinary Council.  *Id.*

Petitioner claims that such actions demonstrate that the State of Hawai'i

("Respondent") has held Petitioner "unconstitutionally and unlawfully" for eight

years and refused to grant him a contested hearing for five years.  *Id.* at 7.  He

alleges that the judiciary "rubber stamps the deliberations of the Treatment Team

which are never contested as the Defendants are seldom shown the Doctor's

reports and only rarely given a copy."  *Id.* at 5.  The Petition does not specify with

precision which constitutional rights Respondent has allegedly violated, but the

Court will construe it as asserting Petitioner's right to due process.

In the Petition, Petitioner also takes issue with the Respondent's broader

mental health treatment system.  He claims that a doctor told him that 89% of

inmates at Hawai'i State Hospital did not need to be there.  *Id.*  He also alleges that

"[t]he theory of chemical imbalances in the brain is a myth created by the

pharmaceutical companies."  *Id.*

Petitioner filed his Petition on August 19, 2021.  ECF No. 1.  Respondent

filed its response to the Petition on September 29, 2021.  ECF No. 10.  Respondent

requests the Court dismiss the Petition.  ECF No. 10 at 9–10.  Petitioner filed a

reply on October 7, 2021.  ECF No. 11.

## II.   Legal Standard

Rule 4 of the Rules Governing Section 2254 Cases In The United States

District Court ("Habeas Rule[s]") requires the Court to dismiss a habeas petition

"if it plainly appears from the petition and any attached exhibits that the petitioner

is not entitled to relief in the district court."  *Clayton v. Biter*, 868 F.3d 840, 845

(9th Cir. 2017) (quoting Habeas Rule 4) (brackets and other citation omitted).

In general, the Court is unable to grant federal habeas relief when a

petitioner has failed to exhaust his claims in state court.  *See* 28 U.S.C. §

2254(b)(1)(A).  The exhaustion requirement is excused if "if there is an absence of

available State corrective process" or "circumstances exist that render such process

ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).

"The exhaustion requirement affords state courts the opportunity to pass upon and

correct alleged violations of its prisoners' federal rights."  *Murray v. Schriro*, 882

F.3d 778, 807 (9th Cir. 2018) (citations and internal quotation marks omitted).

Thus, before a person under state custody[2] may challenge her custody in federal

---

[2]  "It is well established that detainees under an involuntary civil commitment
scheme . . . may use a § 2254 habeas petition to challenge a term of confinement."
*Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139–40 (9th Cir. 2005); *see also*
(continued . . .)

court, she must fully exhaust state judicial remedies, either on direct appeal or

through collateral proceedings, by presenting the highest state court available with

a fair opportunity to rule on the merits of each and every issue sought to be raised

in federal court.  *See* 28 U.S.C. § 2254(b)–(c); *Granberry v. Greer*, 481 U.S. 129,

133–34 (1987); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988) (per

curiam).

### III.    Discussion

Respondent argues that Petitioner has failed to exhaust his state court

remedies because he has not taken advantage of the statutory scheme for

challenging the continued necessity of his conditional release.  *See* ECF No. 10 at

5–9.  Petitioner does not dispute that he has failed to exhaust or that the state lacks

a corrective process.  *See* ECF No. 11 at 1–2.  Instead, he argues that the state court

process is ineffective because his attorney will not file a motion to challenge the

conditional release and that Petitioner cannot file a motion without his attorney.

*Id.*

---

(. . . continued)
*Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (noting that a
defendant under supervised release is still in custody for the purposes of a habeas
petition).

Because Petitioner concedes that he has not filed a motion in state court seeking discharge from conditional release, the Court will examine whether either of the exhaustion exceptions apply.

HRS § 704-413(3) outlines the requirements for applying for a discharge from an order granting conditional release:

> Any person granted conditional release pursuant to this chapter may apply to the court ordering the conditional release for discharge from, or modification of, the order granting conditional release on the ground that the person is no longer affected by a physical or mental disease, disorder, or defect and may be discharged, or the order may be modified, without danger to the person or to others.  The application shall be accompanied by a letter from or supporting affidavit of a qualified physician or licensed psychologist.  A copy of the application and letter or affidavit shall be transmitted to the prosecuting attorney of the circuit from which the order issued and to any persons supervising the release, and the hearing on the application shall be held following notice to such persons.  If the court denies the application, the person shall not be permitted to file another application for either discharge or modification of conditional release until one year after the date of the denial.

HRS § 704-413(3).  As such, the state provides a corrective process by which Petitioner could challenge his conditional release.  Petitioner does not allege that he has filed an application to challenge his conditional release or that he has appealed the denial of such an application to the Hawai'i Supreme Court.  A review of the state court docket reflects that Petitioner has not filed an application under HRS § 704-413(3).  *See* ECF No. 10-1.  Thus, there is no absence of a state

corrective process and Petitioner has failed to utilize the procedure.  *See* 28 U.S.C. § 2254(b)(1)(B)(i).

Rather, Petitioner contends that the HRS § 704-413(3) procedure is ineffective because his attorney will not file an application challenging his conditional release.  *See* ECF No. 11 at 1–2.  Petitioner appears to be correct that his attorney will not file the application.  During a July 2021 hearing, Petitioner's attorney represented to the state court that he did not see any legal grounds for Petitioner's proposed application and did not want to file frivolous motions with the court.  *See* ECF No. 1-5 at 8.  Respondent asserts that the attorney's refusal to file the application does not render the corrective process ineffective because Petitioner could have filed the application himself.  ECF No. 10 at 9.  But, as a represented party, it is unclear whether Petitioner would be permitted file a pro se motion in his state court proceeding.  *See* Hawaiʻi Rules of Civil Procedure Rule 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is unrepresented, shall be signed by the party."); *cf.* LR83.5(a) ("When a party is represented by an attorney, the party may not act on his or her own behalf in the action unless an order of substitution shall first have been made by the court, after notice to the attorney of such party, and to all parties[.]").

8

Regardless of whether Petitioner could file a motion while still represented by the same counsel, he has not shown that the state's corrective practice is so ineffective that it excuses his exhaustion requirement. Neither Hawai'i law nor his counsel's actions prevent Petitioner from seeking relief in state court. Petitioner could obtain new counsel who may be willing to file the motion. His Petition demonstrates that he has had multiple attorneys since 2017. ECF No. 1 at 5. Alternatively, Petitioner could seek to represent himself in his proceedings and file a motion to discharge his conditional release. Petitioner's filing of the instant Petition pro se demonstrates his ability to file motions on his own behalf.

Apart from the corrective process set forth in HRS § 704-413(3), Petitioner may be able to collaterally attack his order of conditional release. *See, e.g.*, HRS ch. 660. Petitioner mentions "Rule 40" twice in his Petition, presumably referring to Rule 40 of the Hawai'i Rules of Penal Procedure ("HRPP") regarding post-conviction proceedings.[3] First, he states "[i]n December of 2019 [his current attorney] was assigned and he told me that only I could file a Rule 40 which was denied. Since January of 2020 he has refused to file a contested hearing." ECF No. 1 at 5. Petitioner then alleges, "[o]n 16 June 2020 I filed a complaint against

---

[3] Rule 40 establishes a post-conviction proceeding in Hawai'i that "encompass[es] all common law and statutory procedures for the same purpose, including habeas corpus and coram nobis." HRPP Rule 40(a).

[his current attorney] with the Office of Disciplinary Council citing the Rule 40

and as of July 2021 the Office of Disciplinary Council says that the [sic] need more

time to investigate." *Id.* at 6.

But Petitioner's vague statements about Rule 40 fail to demonstrate that he

has exhausted his state remedies.  He provides no details about whether he actually

filed a Rule 40 petition or whether his attorney just told him that he could.  There

are no Hawai'i state court records documenting that Petitioner has ever filed a Rule

40 petition, any appeal, or any other vehicle to challenge his conditional release.[4]

*See* https://www.courts.state.hi.us/legal_references/records/jims_system_

availability (click on "Enter eCourt* Kokua" and conduct "party search" for

Kenneth McClintock) (last visited January 4, 2022).  Even if Petitioner has filed

some unspecified Rule 40 petition, there is no indication that it covers the same

issues as the instant Petition.  Thus, it appears that Petitioner has wholly failed to

exhaust his claims in state court.

As a matter of comity, a petitioner must give the state courts a "fair

opportunity" to act on each of his claims before he presents those claims in a

federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Because Petitioner has failed to pursue his claims in state court, the Court

---

[4]  A court may take notice of proceedings in other courts "if those proceedings
have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225
(9th Cir. 2007) (internal quotation marks and citation omitted).

DISMISSES the Petition as unexhausted.  The dismissal is without leave to amend in this action, but without prejudice to raising these claims in a new action after they have been fully exhausted in the state courts.

### IV.    Conclusion

Based on the foregoing, the Petition is DISMISSED as unexhausted.

Further, Petitioner cannot make a substantial showing that reasonable jurists would find the dismissal of his Petition either debatable or incorrect, and therefore any request for a certificate of appealability is DENIED.  *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); Habeas Rule 11(a).

IT IS SO ORDERED.

DATED:  Honolulu, Hawai‘i, January 4, 2022.



Jill A. Otake
United States District Judge

Civil No. 21-00350 JAO-RT, *McClintock vs. State of Hawai‘i*; ORDER (1) DISMISSING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY; AND (2) DENYING CERTIFICATE OF APPEALABILITY